UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAWANNA SMITH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1336-X |
| | § | |
| DAVID MARTINEZ et al., | § | |
| | § | |
| *Defendants.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Tawanna Smith's motion to remand (Motion). (Doc. 4). After due consideration, the Court **DENIES** Smith's Motion.

Defendant David Martinez (Martinez) and Smith (a United States citizen domiciled in Texas) were allegedly involved in a highway motor vehicle accident while Martinez was operating a tractor-trailer. The tractor-trailer is allegedly owned by co-defendants Nama Rental Equipment LLC (Nama) and/or Express Navarrete LLC (Express Navarette). After Smith served Nama and Express Navarette in state court, they removed to federal court.[1] Smith subsequently moved to remand, alleging the Court lacks jurisdiction because Express Navarrete's sole member, Juan Bernardo Navarrete (Navarrete), may be a citizen of Texas.

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[2] "For a case to be

---

[1] Only Nama and Express Navarette removed to federal court. That does not affect the Court's jurisdiction because Martinez has not yet been served. *See* 28 U.S.C. § 1446(b)(2)(A).

[2] 28 U.S.C. § 1441(a).

1

removable based on diversity jurisdiction, all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."[3]  That can be satisfied by being a citizen of a different state or of a foreign state.[4]  Moreover, the citizenship of a LLC is "determined by the citizenship of all of its members."[5]  Accordingly, the dispositive question is the citizenship of Express Navarrete LLC's sole member: Navarette.

Navarrete attested under penalty of perjury that he is a citizen of Mexico and is not a citizen or lawful permanent resident of the United States.[6]  Navarrete submitted copies of his Mexican voter identification card and U.S. Border Crossing Card to corroborate his statement.[7]

Because the evidence shows that Navarrete is a citizen of Mexico, there is complete diversity.

For the foregoing reasons, the court **DENIES** Smith's motion to remand.

**IT IS SO ORDERED** this 17th day of July, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *Superior Air Parts, Inc. v. Kubler*, 2015 WL 567223, at *3 (N.D. Tex. Feb. 11, 2015) (Fitzwater, J.) (cleaned up) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)).

[4] 28 U.S.C. § 1332(a)(2).

[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[6] Doc. 6-1 at 1–2.

[7] Doc. 6-1 at 4; U.S. State Department, Border Crossing Card: For Citizens of Mexico, Travel.State.Gov, https://travel.state.gov/content/travel/en/us-visas/tourism-visit/border-crossing-card.html (last visited July 9, 2026) ("[Boarder Crossing Cards] are only issued to applicants who are citizens of and resident in Mexico.").